**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES GYPSUM COMPANY, | ) | |
| a Delaware corporation, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:25-cv-01728 |
| | ) | |
| DEPENDABLE, LLC, | ) | |
| an Ohio limited liability company, | ) | Honorable Jeffrey Cummings |
| Defendant. | ) | |

**UNITED STATES GYPSUM COMPANY'S MOTION FOR CONSOLIDATION, RELATEDNESS, AND REASSIGNMENT**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.4, United States Gypsum Company ("USG"), by counsel, respectfully moves to consolidate this action (1:25-cv-01728) with 1:22-cv-00268 ("Underlying Action") Both of these actions grow out of the same occurrences and allegations set forth in the pleadings of the Underlying Action. Both actions involve common fact and legal issues related to discovery, and USG seeks consolidation and reassignment of the matters for purposes of ruling on the pending Motion to Compel, and any other instances, if necessary.

**INTRODUCTION**

This action involves a flooring product generally known as gypsum underlayment that is found in multi-family housing. In 2020, USG agreed to manufacture under private label for Defendant, Dependable, LLC ("Dependable") a gypsum underlayment product that Dependable marketed as GSL K2.6. Despite selling the GSL K2.6 manufactured by USG, Dependable refused to pay USG for the product. Litigation to recover these unpaid amounts ensued, leading to the Underlying Action in the Northern District of Illinois. In response to the Complaint, Dependable contends that there were issues with the material USG provided Dependable, its customers complained and, because of these issues, it is justified in not paying USG. As such, on July 22,

2024, to determine the veracity of Dependable's contentions, USG issued a third-party subpoena to Southern Gypsum Floors, LLC ("SGF") (the "Subpoena"). SGF was a Dependable customer who purchased the product and allegedly complained about it. USG filed a Motion to Compel against SGF in the Northern District of Georgia because SGF failed to respond to the Subpoena. For judicial economy, USG filed a Motion to Transfer the Motion to Compel to the Northern District of Illinois, which is now pending in this District. *See* Dkt. #1 of 1:25-cv-01728.

Due to ongoing settlement discussions and a discovery stay in the Underlying Action, USG did not immediately file this Motion to Consolidate. The aforementioned stay has recently been lifted, and USG now files this Motion to Consolidate. In order to efficiently proceed with discovery, this matter should be consolidated with the underlying litigation.

## LEGAL STANDARD

Under Local Rule 40.4(a), two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact of law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. Only one of the criteria must be met to satisfy this rule, and this rule does not require complete identity of issues in order for cases to be considered related. *Williams v. Walsh Const.*, 05 C 6807, 2007 WL 178309 (N.D. Ill. Jan. 16, 2007).

Under Local Rule 40.4(b), a case may be reassigned to the calendar of another judge if it is found to be related to an earlier numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the

proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. *Id*.

## ARGUMENT

### I. The SGF Matter

This Court is well aware of the facts and issues of the Underlying Action, and is in agreement with the consolidating this matter with the Underlying Action. Although SGF is not a named party in the Underlying Action, information in their possession is critical to the issues of the Underlying Action. Dependable relies upon SGF's alleged complaints with the product to support its defense to USG's breach of contract complaint. Further, Dependable allegedly provided certain financial incentives to SGF based on these defects in the product. Thus, the information ultimately provided in response to the Subpoena is critical to resolution of certain issues in the Underlying Action.

This Court has already acknowledged the relatedness multiple times, such as stating "Regarding any transferred cases, the parties shall file motions for relatedness and to reassign, as necessary." *See* Dkt. #205 of the Underlying Action. Given the settlement discussions in the Underlying Action ended without resolution, USG can now file its Motion for Consolidation. As such, this Court stated on July 29, 2025 that USG "shall promptly move to [file the motion for consolidation] as appropriate." *See* Dkt. #15 of 1:25-cv-01728.

Reassignment of the SGF matter is appropriate under the circumstances. First, there is no dispute that both the Underlying Action and the SGF matter are pending in the Northern District of Illinois. In fact, both the Underlying Action and the SGF matter are already before Honorable Judge Jeffrey Cummings. Second, the handling of both cases by the same judge is likely to result in substantial saving of judicial time and effort. To not reassign the SGF matter means risking inconsistent rulings for the matters reassigned/consolidated with the Underlying Action. Given

Magistrate Judge M. David Weisman's familiarity with the scope and complexity of the issues in the Underlying Action, reassigning the SGF matter to him would provide the most efficient and consistent results. In short, judicial resources will be saved upon reassignment and consolidation because only one judge will be assessing the Motion to Compel. Further, any responsive or related proceedings, such as a protective order filed by Dependable, would likely be identical briefs between the Underlying Action, and the SGF matter. Efficiency is also shown by this Court's Orders for the Underlying Action, where relatedness is acknowledged and consolidation has been stipulated. *See* Docket Entries 164, 168, 196, & 205, of the Underlying Action.

## CONCLUSION

WHEREFORE, case 1:25-cv-01728 should be reassigned to Honorable Judge Jeffrey Cummings and Magistrate Judge M. David Weisman if not already fully assigned to them. Further, since the SGF matter implicates complex substantive issues in the Underlying Action, the cases should be consolidated to the docket of the Underlying Action, case 1:22-cv-00268.

Date: July 30, 2025

Respectfully Submitted,

By: *Joshua R. Hubbs*

P. Stephen Fardy
Arthur J. Reliford, Jr.
William D. Patterson
Joshua R. Hubbs
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
Telephone (312) 321-9100
sfardy@smbtrials.com
areliford@smbtrials.com
wpatterson@smbtrials.com
jhubbs@smbtrials.com

*Counsel for Plaintiff United States Gypsum, Co.*